UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL THOMAS,
    Plaintiff,

vs.                                                                                    04-1321

Dr. ARTHUR FUNK, et al.
    Defendants.

ORDER

This cause is before the court for consideration of various pending discovery issues including:  the plaintiff's motions to compel discovery [d/e 78, 81, 88, 97], a motion for a court order concerning the delivery of certified mail [d/e 89], motion for payment of deposition costs [102] and motions for leave to file late responses to the pending motions for summary judgement.[d/e 118, 121]

BACKGROUND

The plaintiff, Michael Thomas, filed this lawsuit pursuant to 42 U.S.C.§ 1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center.  The plaintiff's main contention is a violation of the Eighth Amendment based on deliberate indifference to a serious medical condition.  The plaintiff said his "rectum had enlarged from swelling, constant bleeding and the rectum (intestine) became infected." (Comp, p. 2).  The plaintiff claimed he received inadequate medical care and suffered in pain for five months until he was finally allowed to have surgery.   The plaintiff has the following surviving claims:

    1) Defendants Dr. Funk; Dr. Bulatovic; Warden Mote; and Officers Paul, Smith, Livingston, Henrickson, Wiles, Kennedy, Hobart and Shaw violated the Eighth Amendment when they ignored or delayed treatment for the plaintiff's serious medical condition.

    2) Defendant Funk retaliated against the plaintiff in violation of the First Amendment when he ignored or delayed care for the plaintiff's condition due to numerous grievances filed by the plaintiff.

    3) Defendant Hendrickson violated the Eighth Amendment when he confiscated the plaintiff's prescribed stool softener after surgery causing the plaintiff increased pain.

    4) Defendant Joyal violated the plaintiff's Eighth and Fourteenth Amendment rights when he conducted a rectal examination of the plaintiff in view of other inmates and correctional

1

officers.

All the claims are against the defendants in their individual capacities.

FIRST MOTION TO COMPEL DISCOVERY

The plaintiff's first motion to compel discovery states that the defendants have not provided proper responses to his motion for production of documents. [d/e 78] The plaintiff's motion is granted in part and denied in part.

LETTERS AND RESPONSES: The plaintiff first asks for any and all letters written by plaintiff kept in his medical file, master file or other department records from June 3, 2003 to May 5, 2004 requesting medical treatment from doctors or medical staff and any responses to these letters.

Defendants Funk, Vade and Bulatovic correctly respond that they do not have control over Illinois Department of Corrections (herein I.D.O.C.) records. The remaining defendants object stating the information in the master file is confidential and the plaintiff's request is overbroad. The defendants further state that the plaintiff "can obtain documents from his medical and master files, personally, through the prison."(Def. Resp, p. 2)

The plaintiff is asking for evidence that is directly relevant to his claims over a specific time period and the defendants should respond to this request. The I.D.O.C. employees are to provide the plaintiff with copies of any letters he wrote from June 3, 2003 to May 5, 2004 that are in his master file or medical file in which the plaintiff addresses his medical condition or need for care. If his medical file has already been provided to the plaintiff including any potential letters, the defendants are to specifically state this in their response. The defendants are also to provide the plaintiff with copies of any responses to these letters.

NUMBER OF ROOMS: The plaintiff next asks for any documentation verifying the number of rooms or cells in the health care unit. Defendants Funk, Vade and Bulatovic correctly respond that they do not have control over I.D.O.C. records. The remaining defendants object that the request is overbroad and irrelevant. The court agrees. The number of rooms in the health care unit is not relevant to the plaintiff's claims. There are no allegations that the plaintiff was told he could not receive care because there were no rooms available.

DEFENDANT'S BACKGROUNDS: The plaintiff next asks for documentation of employment history including how long each defendant has worked for I.D.O.C. and how long each has worked at Pontiac Correctional Center. The I.D.O.C. employees did not provide documents, but did provided the plaintiff with the dates of their I.D.O.C. employment. It is not clear if Defendants Funk, Vade or Bulatovic provided this information. While the plaintiff should not have made this request in a motion for production of documents, the court does believe the

2

information should be provided.  The court will not require Defendants Funk, Vade or Bulatovic to provide documentation of their previous work histories.  However, they should provide the plaintiff with a brief statement which includes how long they have worked for or with the Illinois Department of Corrections and how long they have worked for or with Pontiac Correctional Center.  All defendants should also state where they received their educations and training and where they are licensed and what board certification, if any, they have.

MAIL: The plaintiff next asks for records that list any incoming or outgoing mail to or from the plaintiff from June of 2003 to November of 2003.  The plaintiff says he attempted to write to outgoing medical centers about his condition but never received a response.  The plaintiff says its possible the defendants interfered with his mail.  The defendants object that the request is irrelevant.  The court agrees.  Just because outside medical facilities did not respond to an inmate's letter is not evidence that the defendants tampered with his mail.  In addition, mail problems were not previously identified as claims by the plaintiff.

PREVIOUS INCIDENTS: The plaintiff next asks for documentation regarding any "previous lawsuits, grievances, complaints, investigations or discipline" involving the dependants and medical care. (Plain. Mot, Req. # 5) The court agrees with the defendants that this request is overbroad and not relevant.  The only relevant evidence is how these defendants did or did not respond to the plaintiff's medical condition.

GRIEVANCE/ MEDICAL REQUEST POLICY: The plaintiff has asked for written or unwritten rules, policies or procedures concerning grievances or the denial of medical care requests.  The defendants have provided a copy of the official grievance procedures.  They have also stated there are no documents concerning the denial of medical requests.  The plaintiff says this is not an adequate response.  The plaintiff believes there is a policy of denying all medical grievances.

The court finds that the defendants have provided an adequate response to this request. There are no written policies concerning standards for granting or denying grievances or granting or denying medical requests.

WARDEN'S CORRESPONDENCE: The plaintiff asks for documentation of all of the warden's designees which handled his correspondence from June to November of 2003.  The defendants object that the request is overbroad and that no such documents exist.  The plaintiff's request is denied.  If the plaintiff wants to know who specifically dealt with a specific letter or grievance, this is not an appropriate way to obtain this information.  In addition, the court cannot require a defendant to produce a document that does not exist.

OFFICERS LEWIS AND ROSENBURG- The plaintiff has requested documents of any incident reports from these officers concerning the transport of the plaintiff to and from surgery on November 14, 2003.  The defendants object that this is irrelevant information since these two

individuals are not defendants, and the plaintiff has not alleged any misconduct by these individuals.

The plaintiff says these officers escorted him to and from the surgery and were aware of the doctor's orders and medications he was to receive. The Illinois Department of Corrections defendants shall provide any incident reports written by these two individuals concerning the transport of the plaintiff on November 14, 2003 and any potential medical information given to these individuals.

INSURANCE: The plaintiff has asked for any "insurance agreements" between the defendants and their employers. The defendants have responded that this request is vague and irrelevant. The court agrees.

HOSPITAL AGREEMENT: The plaintiff has asked for any documentation showing how many prisoners also went to Passavant Area Hospital in the last five years and any agreements with Pontiac Correctional Center for sending inmates to this hospital. The plaintiff says this might show a tenancy of some hospital staff not to cooperate with his lawsuit. The defendants state that this information is irrelevant and confidential. The court agrees.

The defendants must provide the information outlined in this order to the plaintiff on or before Friday, August 11, 2006.

## SECOND MOTION TO COMPEL

The plaintiff has filed a second motion to compel, but this time names only Defendants Funk, Vade and Bulatovic. [d/e 81] The plaintiff repeats many of the same requests as his first motion to compel including number of rooms in the health care unit; defendants' work histories and backgrounds; previous grievances and complaints, etc. The court will not again discuss the issues it has previously addressed in discussing the first motion to compel. Some of these requests are clearly overbroad or not relevant to the issues in this case.

In addition, many of the plaintiff's requests involve I.D.O.C. records. These defendants do not have control over department records, and therefore, the court cannot compel them to produce these records. There are two further requests mentioned in this motion to compel:

MEDICAL RECORDS: The plaintiff asks for medical records. These defendants say they have already provided all records in their possession. Therefore, the request is denied.

MEDICAL COSTS: The plaintiff has requested any documents in regard to the costs of transporting him to and from surgery and his medical bills. The defendants say they have provided any information that was given to them. The court cannot ask defendants to produce records not in their possession.

The second motion to compel is denied. [d/e 81]

MOTION TO COMPEL DEPOSITION

The plaintiff has filed a motion asking the court to allow him to take the deposition of Dr. Drennan. [d/e 88]  The plaintiff says this is the doctor that performed his surgery and is vital to his case.  The plaintiff says he has made several attempts to contact the doctor and the doctor has refused to cooperate in any way.  The plaintiff has also filed motions asking the court to help pay for someone to transcribe depositions. [d/e 102]

Defendants Funk, Vade and Blatovic oppose the plaintiff's motion stating that this doctor is not a party and therefore the court has no jurisdiction over him.  In addition, the defendants state that if the plaintiff wanted to take a deposition, he must comply with the Federal Rule of Civil Procedure.   The plaintiff states that he is not a lawyer and thought he needed the court's permission and assistance in setting up the deposition.

Pro se litigants such as the plaintiff may use the discovery methods prescribed in the Federal Rules of Civil Procedure.   However, this "court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915(a)." Smith v. Campagna, 1996 WL 364770 at 1 (N.D. Ill. June 26, 1996).  *See also* Ronson v. Commissioner of Correction for State of N.Y., 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied.): Doe v. United States, 112 F.R.D. 183, 184-5 (S.D.N.Y 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); Cunningham v. Orr, 1989 WL 516269 (N.D. Ind.  May 8, 1989) (indigent prisoner's motion for leave to take depositions is denied.); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. §1915 "does not extend to the cost of taking and transcribing a deposition.").

If the plaintiff wishes to rely on the opinion of the doctor who performed the surgery, he must either pay for the deposition or obtain an affidavit from him. The plaintiff may also use and obviously has vigorously participated in the discovery process.   The plaintiff's complaint demonstrated that he was seen by a doctors seven times from June of 2003 through November of 2003 prior to his surgery and he has obtained those records as well as sent interrogatories to the doctors.   The motions for deposition and to pay the cost of the deposition are denied. [d/e 88, 102].

MOTION FOR COURT ORDER

The plaintiff has filed a motion asking the court to order that the court provide any court mailings in this litigation by certified mail to the plaintiff in order to prove that he did receive the documents.   The plaintiff says he does not always receive his mail in a timely manner and does not want to miss any deadlines.

5

The motion is denied. [d/e 89] If the plaintiff experiences a delay in receiving a court document and can not meet a deadline, he can inform the court and ask for an extension of time to respond. In the meantime, he can use the prison grievance system to address any specific delays in receiving his mail.

## MOTION TO COMPEL- DR. FUNK

The plaintiff has filed a motion to compel asking Dr. Funk to provide more thorough response to plaintiff's interrogatories. [d/e 97] The plaintiff is proceeding pro se and appears unable to take depositions. The court appreciates that the plaintiff will require specific answers to his interrogatories when possible. Therefore, the plaintiff's motion is granted in part and denied in part.

The plaintiff's interrogatories asked the doctor "[w]hat are the consequences of having a peri-rectal fistula such as the plaintiff had?" (Plain. Inter, No. 5) The defendant stated that the question was too vague and did not specify what the plaintiff meant by "consequence." (Def. Resp.) The court agrees that the question overall is too vague and hypothetical for the doctor to provide a response. A more appropriate question might be to ask the doctor to explain what a peri-rectal fistula is and what are the potential symptoms and treatments.

As it turns out, the plaintiff's next question to the doctor asks what a peri-rectal fistal is and whether they are painful. The doctor did explain a peri-rectal fistal, but did not state whether they were painful. The plaintiff says the defendant should provide a full response. The defendant states this was an oversight, but in any event would constitute a separate question and would exceed the number of interrogatories allowed.

The doctor's specific response to this question was "[a] fistula is an abnormal tunnel connecting two body cavities. A perirectal fistula is a fistula this is present in the perirectal area." (Plain. Mot, Def. Resp #6) The court does not believe this is an adequate response. Therefore, the court will direct Dr. Funk is to more clearly describe specifically what condition the plaintiff suffered from that required surgery in November of 2003 in terms that can be understood by a person without a medical degree. The doctor should also explain the potential symptoms of this condition. The doctor does not need to respond to the plaintiff's question concerning potential pain since the plaintiff can indicate what he was experiencing and the medical records will indicate what he reported.

The plaintiff also asked the doctor whether an infection caused by a rectal fistula could cause other internal infections and if those infections could spread to other internal organs. The defendant responded that he could not answer this question without more information "concerning the type of infection, the location of the infection and other variables. ) (Def. Response, p 1-2). The defendant further states that he does not remember the plaintiff suffering from any infection. The court agrees that the plaintiff's question is too vague and hypothetical to provide any relevant

information.

The plaintiff asks the doctor if monitoring a patient can assist doctors in evaluating, screening and treating patients with infection, bleeding and swelling of the rectal area. The defendant responded that the plaintiff had failed to define monitoring and "monitoring alone does not afford a cure of any condition." (Def. Resp, p.2)  The court believes that both the interrogatory and response are meaningless. Obviously, monitoring a patient in certain circumstances will be beneficial to diagnosis and treatment. Whether monitoring was necessary in the plaintiff's case on any specific day is not addressed by this question.

The plaintiff asks the defendant if prior to arranging surgery for the plaintiff on or about November 5, 2003, did Dr. Funk or any other medical person on his staff take a blood test to see if the plaintiff had an internal infection? The defendant responds that the plaintiff has failed to define "internal infection" and the plaintiff can refer to his medical records for any tests performed. The court does not believe this is an adequate response. The doctor is to specify whether a blood test of any type was taken from June of 2003 to November of 2003. If so, the doctor is to state who ordered the blood test, the purpose of the blood test and the results.

The plaintiff asks the doctor how much it costs to have blood samples or a test sent to an outside lab such as LabCorp. The doctor responds that it depends on the type of test.   The plaintiff says the defendant should be compelled to answer how much a normal blood test would cost. The plaintiff did not provide enough information for the defendant to provide a specific answer, nor has he told the court how this information might be relevant to his case.

The plaintiff asked the doctor if during the months of June 3, 2003 to November ,2003, Dr. Funk or any other physician used any "of the above stated medical equipment devices for plaintiff." (Plain Interrogatory, No.25). The plaintiff's proceeding questions asked about magnetic resonance imaging, computerized axial topography and ultra sound. The defendant responded that the plaintiff could refer to his medical records.

The court will not require more of the defendant.  The Dr. Funk clearly responded to each of the plaintiff's previous questions stating that he did not believe any of these measures would have been helpful in the plaintiff's case. In addition, any medical tests or examinations ordered have been provided in the medical records.

The plaintiff also asks the doctor if he or any other physician ordered any other type of medical "device or equipment to assess plaintiff's condition or to determine if he did in fact have any abnormalities in relation to his medical condition?" (Plain Inter, No. 26.) The plaintiff is again referred to his medical records. Given the general nature of this question, the court believes this is an appropriate response. In addition, the defendants have now filed a motion for summary judgement with affidavits from the doctors explaining their treatment choices which the plaintiff can reference.

The plaintiff also objects to two responses from the doctor in which Dr. Funk denies knowledge of certain events.  The court can not order the defendant to agree with the plaintiff.  The fact that the defendant denies knowledge when the plaintiff believes there is evidence to the contrary is an argument to be made in a dispositive motion or at trial.

Lastly, the plaintiff asks the doctor if its possible given his medical problems that he might suffer rectal pain for the rest of his life.  The doctor states he is unable to answer this question since it asks him to speculate.   The court will not require the doctor to provide a further response.  The plaintiff can describe any current pain or physical problems.

## MOTIONS FOR LEAVE TO FILE RESPONSE

The plaintiff has filed two motions for leave to file a late response to the pending motions for summary judgement. [d/e 118, 121] The motions are granted and the court will consider the attached responses when it considers the pending dispositive motion.  The court will also allow the plaintiff additional time to file a response based on the additional information he will be provided as a result of the motions to compel.  However, the plaintiff may ONLY file a response based on the new information received.  The plaintiff must not file an additional response that simply restates his earlier arguments and making no reference to any new information.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's first motion to compel is granted in part and denied in part. [d/e 78] Defendants Mote, Joyal, Paul, Smith, Livingston, Hendrickson, Wiles, Kennedy, Hobart and Shaw are to provide the following responses to the plaintiff's discovery requests:**
　　**a) Copies of any letters plaintiff wrote from June 3, 2003 to May 5, 2004 in his master file or medical file in which the plaintiff addresses his medical condition or need for care and any responses provided to these letters**
　　**b) Copies of any incident reports written by Officers Lewis and/or Rosenburg concerning the transport of the plaintiff on November 14, 2003 and any potential medical information or medications given to these individuals**.
**Defendants Funk, Vade and Bulatovic are to provide the plaintiff with a brief statement of how long they have each worked for or with the Illinois Department of Corrections and how long they have worked for or with Pontiac Correctional Center.**
**All of the defendants (Mote, Joyal, Paul, Smith, Livingston, Hendrickson, Wiles, Kennedy, Hobart, Shaw,  Funk, Vade and Bulatovic) should also provide the plaintiff with a statement of where they received their educations and training and where they are licensed and what board certification, if any, they have.**

**ALL OF THESE RESPONSES ARE TO BE PROVIDED TO THE PLAINTIFF ON**

**OR BEFORE FRIDAY, AUGUST 11, 2006.**

**2) The plaintiff's second motion to compel is denied. [d/e 81]**

**3) The plaintiff's third motion to compel a depositions [d/e 88] and motion for the court to pay the costs of depositions [102] are both denied**.

**4) The plaintiff's motion for a court order directing that all of plaintiff's court mailings be delivered by certified mail is denied. [d/e 89]**

**5) The plaintiff's fourth motion to compel is granted in part and denied in part [d/e 97]. Dr. Funk is to provide the following responses to the plaintiff's discovery requests:**
> a) A clear explanation of specifically what condition the plaintiff suffered from that required surgery in November of 2003 in terms that can be understood by a person without a medical degree. The doctor should also explain the potential symptoms of this condition.
> b) State whether a blood test of any type was taken from June of 2003 to November of 2003. If so, the doctor should state who ordered the blood test, the purpose of the blood test and the results.

**THESE RESPONSES ARE TO BE PROVIDED TO THE PLAINTIFF ON OR BEFORE FRIDAY, AUGUST 11, 2006.**

**6) The plaintiff's motions for leave to file responses to the pending motions for summary judgement are granted. [d/e 118, 121]. The court will consider the attached responses when considering the dispositive motions.**

**7) The discovery period is closed. Based on the additional responses provided by the defendants, the court will allow the plaintiff to supplement his responses to the pending motions for summary judgement if needed. The plaintiff must provide any additional response to the pending dispositive motions on or before Friday, August 25, 2006. The plaintiff is reminded that he should only file a supplemental response based on the additional information provided to him. The defendants may file a reply to any supplemental response on or before September 8, 2006.**

ENTERED this 28th day of July, 2006.

                                  **s\Harold A. Baker**
                                  _____
                                    HAROLD A. BAKER

UNITED STATES DISTRICT JUDGE

.