UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL THOMAS,
    Plaintiff,

vs.                    04-1321

DR. ARTHUR FUNK, et. al.,
    Defendants.

## ORDER

This cause is before the court for consideration of the plaintiff's motions to proceed *in forma pauperis* on appeal [d/e 146]; motion for leave to file a late notice of appeal [d/e 145]; motion for the record on appeal [d/e 147] and motion for appointment of counsel on appeal. [d/e 148]

The plaintiff's motion for appointment of counsel is denied. [d/e 148]. This court has no jurisdiction over plaintiff's appeal. In addition, the plaintiff's motion for additional time to file a notice of appeal is denied as moot. [d/e 145]. The plaintiff has already filed a notice of appeal.

Before the court can determine the plaintiff's motion to proceed *in forma pauperis* on appeal, the court is required to determine if the plaintiff's appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The plaintiff states that he is appealing the March 23, 2007 Court Order granting summary judgement and various other court orders. The plaintiff has stated his grounds for appealing in his motion.

The plaintiff disagrees with various findings by the court in its summary judgement order. However, the plaintiff does not point to any specific evidence or argument to refute the court's findings. The plaintiff states that the court should have granted his motion for appointment of counsel. The plaintiff made some initial motions for appointment of counsel prior to the service of the defendants that were denied by the court.

Civil litigants have no federal right to appointed counsel. In deciding whether to appoint counsel in a particular case, the court must determine whether the plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of the lawsuit. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The record in this case clearly demonstrates the plaintiff's competency to represent himself. An attorney would not have made a difference in the ultimate outcome.

The plaintiff disagrees with the court's ruling on his motions to compel, but does not point to any specific ruling. The plaintiff states the court should have appointed a medical expert to represent him, but the plaintiff does not point to any motion or ruling on this matter.

Finally, the plaintiff says the court should not have dismissed his John Doe defendant without ever attempting to serve this individual.  This defendant was ultimately dismissed on June 15, 2005 because the plaintiff had failed to articulate any claim against this individual.  *See* December 2, 2004 Court Order; June 15, 2005 Court Order.

The court is unable to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal.  Accordingly, the court denies plaintiff's motion for leave to proceed *in forma pauperis* and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis*, but must pay the appellate fees of $455 within 14 days.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for additional time to file a notice of appeal is denied as moot. [d/e 145] The plaintiff has filed a notice of appeal.**

**2) The plaintiff's motion for the court to provide the full record to the Seventh Circuit Court of Appeals is denied. [d/e 147]  The court will provide the record as requested by the United States Court of Appeals for the Seventh Circuit. *See* Cir. R. 10.**

**3) The plaintiff's motion for appointment of counsel on appeal is denied. [d/e 148] This court has no jurisdiction over the plaintiff's appeal.**

**4) The plaintiff's motion for leave to appeal *in forma pauperis* is denied. [d/e 146]. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.  The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.  The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit**

Enter this 6/25/7

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE