UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL THOMAS,
    Plaintiff,

vs.                                                                       04-1321

Dr. ARTHUR FUNK, et al.,
    Defendants.

ORDER

This cause is before the court on the plaintiff's motion to proceed in forma pauperis on appeal [d/e 154] and motion for appointment of counsel on appeal. [d/e 156]. The plaintiff's motion for appointment of counsel on appeal is denied. [d/e 156]. This court has no jurisdiction over plaintiff's appeal.

Under 28 U.S.C. § 1915(a)(3), the district court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). *See also Lee v Clinton*, 209 F.3d 1025 (7th Cir. 2000).

The plaintiff has submitted a brief in support of his motion to proceed in forma pauperis on appeal. The plaintiff disagrees with the court's findings particularly concerning his claim that the defendants were deliberately indifferent to his medical condition. The plaintiff says he repeatedly complained about his medical problem, but doctors did not perform sufficient examinations, ignored his complaints and delayed surgery for months.

The plaintiff suffered from a fistula or small opening near his rectum. The record before the court demonstrated that the plaintiff had been seen in the Health Care Unit 13 times from June 16, 2003 to November 13, 2003. There was a difference of opinion between the parties as to whether the plaintiff cooperated with rectal examinations on some of these visits. Nonetheless, the doctors did specifically note that they did not observe a fistula. *See* October 1, 2003 Medical Record.

When the fistula was suspected, the plaintiff was sent to an outside doctor and an elective surgery was performed. The plaintiff's fistula was noted to be small in size, approximately 1/32 of an inch, and the symptoms are much the same as an inflamed hemorrhoid, which the doctors first diagnosed.

The doctors should have paid more attention to the plaintiff's specific complaints. However, there is simply no evidence that the defendants believed the plaintiff had a fistula and denied him treatment. As the court has noted, even if the doctors did not make the right decisions, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

In addition, the court noted that the plaintiff had failed to present any evidence that the delay in treatment for the fistula had a detrimental impact on his condition. The plaintiff says he could not make this showing since he was denied counsel or a medical expert. However, the plaintiff was transferred to another correctional center approximately five months after his surgery. He did not report any health concerns at the time of his transfer and did not present any medical records from the new facility indicating any continued or long-term problem.

The plaintiff may have a medical malpractice claim, but he failed to demonstrate a violation of his constitutional rights. The plaintiff has also failed to demonstrate any reason to reverse its findings on his other claims. Accordingly, the court denies the plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $455 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this court's finding that the appeals are not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel on appeal is denied. [d/e 156]. This court has no jurisdiction over plaintiff's appeal.**

**2) The plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 154].**

**3) The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.**

**3) The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.**

Enter this 16th day of November, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE